**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ADAM K. OSHER )
3808 Thoroughbred Lane )
Owings Mills, Maryland 21117 )
　 )
　　and )
　 )
AMAILA AIKENS )
8723 Frederick Road )
Ellicott City, Maryland 21043 )
　　　　　　　Plaintiffs )
　　v. )
　 )
PRIORITY FINANCIAL SERVICES, LLC ) Civil Action No. _____
10999 Red Run Blvd. )
Owings Mills, Maryland 21117 )
　 )
　　and )
　 )
BRIAN KOWITZ )
10999 Red Run Blvd. )
Owings Mills, Maryland 21117 )
　 )
　　and )
　 )
JON COHEN )
9609 Reisterstown Road )
Owings Mills, Maryland 21117 )
　 )
　　　　　　Defendants )
_____ )

**COMPLAINT**

(Failure to Pay Overtime Compensation, Statutory
Minimum Wages and Commissions – Fair Labor Standards
Act; Maryland Wage Payment and Collection Law)

**Jurisdiction and Venue**

1.　　This is a civil action including claims for damages and relief provided by

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Maryland Wage Payment

and Collection Law, Md. Code, Labor and Employment Article, § 3-501 et seq. Subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

2.    At all times material herein, Defendant Priority Financial Services, LLC (hereinafter referred to as "Priority"), has employed and is employing employees in or about its places of business in the activities of its enterprise engaged in interstate commerce.   Said enterprise is a licensed mortgage lender and engaged in the  business of originating mortgage loans, which, at all times material herein, has had an annual gross volume of sales made or business done in an amount exceeding $500,000.  Therefore, the employees of such enterprise are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and Defendant Priority is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d).

3.  Defendant Brian Kowitz ("Kowitz") is and has been the President of Priority, and, on information and belief, an owner of Priority, at all times material herein. Defendant Kowitz is and has been, actively engaged in the management and direction of employees, including the Plaintiffs, at Priority, including the operation of the mortgage business and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Priority.  Defendant Kowitz is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

4.  Defendant Jon ("Cohen") is and has been the manager of the branch office of Priority in Owings Mills, Maryland, where the plaintiffs were employed, at all times material herein.  Defendant Cohen is and has been, actively engaged in the management

2

and direction of employees, including the Plaintiffs, at Priority, including the operation of the mortgage business and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Priority.  Defendant Cohen is and has been at all times material herein an "employer" within the meaning of both the Fair Labor Standards Act, 29 U.S.C. § 203(d).

5.  Venue as to the Plaintiffs' Fair Labor Standards Act claims is properly set in this District, since, on information and belief, Defendants Priority, Kowitz and Cohen reside in the District, and have been and are engaged in business in the State of Maryland, where Plaintiffs were employed.

6.  Count III of the Complaint, stating claims under the Maryland Wage Payment and Collection Law by the Plaintiffs, arises out of the same facts and circumstances as Counts I and II alleging violations of the federal Fair Labor Standards Act.  Jurisdiction over those Maryland claims is conferred by the Court's power and discretion to assert pendent jurisdiction over related claims.

### General Allegations

7.    Plaintiffs were employed by Defendant Priority on various dates and in various workweeks during the three-year period prior to filing this Complaint.  Plaintiffs were employed by Defendants as loan officers and were responsible for generating mortgage loans for Priority and primarily performed the duties described herein inside the office.

8.    Plaintiffs were, in at least some workweeks during the course of their employment, required, suffered or permitted to work overtime – that is, more than 40 hours in a workweek.  More specifically, during the three-year period prior to the filing

3

of the Complaint, Plaintiffs performed substantial overtime work for Defendants, but were compensated only on a commission basis.

9.      Plaintiffs were paid a straight commission basis by the Defendants, but were not paid any overtime compensation for such overtime hours worked.

10.     Defendants have failed and refused to pay Plaintiffs overtime compensation (that is, payment at 1.5 times the employee's regular rate of pay) for all of the overtime work the Plaintiffs performed.

11.     By failing and refusing to compensate the Plaintiffs as described in paragraph 10, Defendants have underpaid Plaintiffs by not less than one half of the employee's regular rate of pay for each overtime hour worked.  Defendants were required by law to record the hours worked by and commission paid to Plaintiff, and Defendants have, or should have, records sufficient to permit a calculation of the overtime hours worked, and the overtime underpayments, for the Plaintiffs.  At this time and prior to conducting discovery, Plaintiffs do not have sufficient documents or information in their possession to calculate their unpaid overtime compensation.  Plaintiffs reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning those Plaintiffs for whom it has not yet been practicable to offer a calculation of backpay due.

12.     During a large number of workweeks, Plaintiffs did not receive any compensation from Defendants even though Plaintiffs generally worked a full schedule during such weeks.  Defendants have failed and refused to pay Plaintiffs the statutory minimum wage required by law for their work.

4

13.    Defendants were required by law to record the hours worked by and the commissions paid to Plaintiffs, and Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the minimum wage underpayments, for the Plaintiffs.  At this time and prior to conducting discovery, Plaintiffs do not have sufficient documents or information in their possession to calculate their unpaid overtime compensation.  Plaintiffs reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning those Plaintiffs for whom it has not yet been practicable to offer a calculation of backpay due.

14.    Plaintiff Osher generated a loan for D. Smith that was scheduled to and did close prior to the termination of his employment.  Priority received its profits for the loan.  Despite requests, Defendant Priority has failed and refused to pay Plaintiff the full commission earned by Plaintiff Osher on the Smith loan, and made unauthorized deductions from his final paycheck.  Plaintiff Aikens generated a loan for a personal acquaintance that closed prior to the termination of her employment.  Priority received its profits for the loan.  Despite requests, Defendant Priority has failed and refused to pay Plaintiff the commission earned by Plaintiff Aikens on the loan. The unpaid commissions are wages within the meaning of the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501(c)(2)(ii).

15.    At this time and prior to conduction discovery, Plaintiffs do not have sufficient documents or information in her possession to calculate the unpaid commission.  Plaintiffs reserve the right to offer appropriate calculations based wholly or

in part upon information within the control of Defendants, and request an appropriate award with respect to the unpaid commission.

16.   By virtue of their interest and participation in the business of Priority, and their status as employers, Defendants Priority, Kowitz and Cohen are responsible under the Fair Labor Standards Act jointly and severally with Priority for any unlawful failure to pay overtime compensation or other wages to Plaintiffs.

## COUNT I

### (Fair Labor Standards Act -- Overtime)

17.   Plaintiffs reallege paragraphs 1- 16 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

18.   By failing to pay Plaintiffs overtime compensation (1.5. times the employee's regular rate of pay) for the overtime work described in paragraph 8-11, Defendants violated Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207.

19.   Defendants' violation of the Fair Labor Standards Act was willful.

WHEREFORE, Plaintiffs request judgment against Defendants Priority, Kowitz and Cohen, jointly and severally, for:

(1)   Overtime pay in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2)   Additional amounts of liquidated damages equal to the backpay amounts determined at trial, as authorized by 29 U.S.C. § 216 (b);

(3)   Plaintiffs' reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4)   Such other further relief as the Court may deem appropriate.

## COUNT II

(Fair Labor Standards Act -- Minimum Wage)

20. Plaintiffs reallege paragraphs 1- 19 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

21. By failing to pay Plaintiffs the statutory minimum wage for the work described in paragraphs 12-13, Defendants violated Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206.

22. Defendants' violation of the Fair Labor Standards Act was willful.

WHEREFORE, Plaintiffs request judgment against Defendants Priority, Kowitz and Cohen, jointly and severally, for:

(1) Minimum wages in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2) Additional amounts of liquidated damages equal to the backpay amounts described above or determined at trial, as authorized by 29 U.S.C. § 216(b);

(3) Plaintiffs' reasonable attorney fees and costs or this action, as authorized by 29 U.S.C. § 216(b); and

(4) Such other further relief as the Court may deem appropriate.

## COUNT III

(Maryland Wage Payment and Collection Law)

23. Plaintiffs reallege paragraphs 1- 22 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

7

24.     The unpaid commissions are wages within the meaning of the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501(c)(2)(ii).

25.     By failing to pay the Plaintiffs the wages described in paragraphs 14 – 15 within the required time following the termination of their employment and making unauthorized deductions from their wages, Defendants violated the Maryland Wage Payment and Collection Law, Md. Code, Labor and Employment Article, § 3-501 et seq.

26.     Defendant's violation of the Maryland Wage Payment and Collection Law "was not a result of a bona fide dispute" under the Maryland statute.

WHEREFORE, Plaintiffs request judgment against Defendants Priority, Kowitz and Cohen, jointly and severally, for:

(1)     Unpaid wages in the amount of the underpayments described above, or in the amount determined from Defendants' records or at trial;

(2)     Three (3) times the unpaid wages described in the preceding subsection; as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(3)     Plaintiff's reasonable attorney fees and costs of this action, as authorized by Md. Code, Labor and Employment Article, § 3-507.1(b).

(4)     Such other and further relief the Court may deem appropriate.

Respectfully submitted,

_____/s/_____
Bradford W. Warbasse (Bar No. 07304)
Suite 103-B
9199 Reisterstown Road
Owings Mills, MD 21117
(410) 654-3950

8

9

Attorney for Plaintiffs

9

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury upon all issues as to which they are entitled to a jury trial.

Respectfully submitted,


_____/s/_____
Bradford W. Warbasse (Bar No. 07304)
Suite 103-B
9199 Reisterstown Road
Owings Mills, MD 21117
(410) 654-3950

Attorney for Plaintiffs

10